AO 91 (Rev. 08/09)  Criminal Complaint

DANIEL E. FUNK

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.   17-MJ-71-SMM |
| KEIANO ALVARO BETHEL, | ) | |
| and | ) | |
| JOHN MCPHEE | ) | |
| _____ | ) | |
| *Defendant(s)* | | |

**FILED BY** ___ *CGA* ___
Deputy Clerk

***Jul 20, 2017***

STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. **Fort Pierce**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ July 19, 2017 _____ in the county of _____ St. Lucie _____ in the

_____ Southern _____ District of _____ Florida _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 952(a) | Importation of Marijuana |
| 21 U.S.C. § 841(a)(1) | Possession with the Intent to Distribute Marijuana |

This criminal complaint is based on these facts:

-SEE ATTACHED AFFIDAVIT-

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Special Agent, Jeanne Ayo
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  7/20/17

_____
*Judge's signature*

City and state:  _____ Fort Pierce, Florida _____

Shaniek M. Maynard, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT OF**
**JEANNE AYO, SPECIAL AGENT**
**HOMELAND SECURITY INVESTIGATIONS**

I, Jeanne Ayo, being duly sworn, do hereby depose and state as follows:

1.      I am a Special Agent with the U.S. Department of Homeland Security, Homeland Security Investigations (HSI), employed in such capacity since June 2003. I am currently assigned to the office of Homeland Security Investigations (HSI), Fort Pierce, Florida. I am an investigative and law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States, who is empowered by law to conduct investigations of and to make arrest for violations of federal law for offenses enumerated in Title 18, 19, and 21. I have previous experience in the execution and planning of narcotics-related arrests.

2.      I submit this affidavit based on information known to me personally from the investigation as well as information obtained from other law enforcement officers who have investigated this matter, or other individuals who have personal knowledge of the facts herein. Although I am familiar with the full breadth of the facts and circumstances of this investigation, I have not included in the affidavit each and every fact known to me about the matters set forth herein, but only those facts and circumstances that I believe are sufficient to establish probable cause for this court to authorize the arrest of KEIANO BETHEL and JOHN MCPHEE for violation of Title 21, United States Code, Section 952(a), importation of marijuana; and Title 21, United States Code, Section 841(a)(1), possession with intent to distribute marijuana.

3.      July 19, 2017, at approximately 5:23 a.m., Coast Guard Cutter Robert Yered was in pursuit of a suspicious vessel departing West End Bahamas toward the Fort Pierce Inlet. The vessel appeared to evade the cutter while traveling westbound to Fort Pierce. The vessel was traveling

Complaint – Page 1

westbound in an erratic course and speed, approximately 35 nautical miles east of St. Lucie Inlet. The Coast Guard launched two small vessels to assist in locating the vessel. At approximately 7:17a.m., the Coast Guard vessel CG-445631 located an approximately 26 foot long Boston Whaler vessel tied to the jetty rocks of the Fort Pierce Inlet near 1920 Seaway Drive, Fort Pierce, Florida, in the vicinity of the Square Grouper Tiki Bar. The Coast Guard observed two fuel barrels on the deck of the vessel and multiple bales of an unknown substance scattered all over the deck. When Coast Guard officers approached the vessel, they smelled a strong odor of gasoline and marijuana coming from the vessel.

4.     Customs and Border Protection (CBP) officers began searching on land for individuals possibly connected with the unmanned vessel. While searching on land, CBP Interdiction Agent Phil DiMarco encountered three black males who appeared to be walking around aimlessly and appeared to be unfamiliar with the area. The three males informed Interdiction Agent DiMarco that they had just arrived from the Bahamas. After being asked for identification, all three individuals stated that they did not have any form of identification. All three males admitted to arriving in the United States in the vessel tied to the jetty rocks. Interdiction Agent DiMarco detained the three males and transported them to the Coast Guard Station, in Fort Pierce.

Keiano Bethel, John McPhee, and Theodore Bootle were identified as being Bahamian citizens. They stated that there had been a fourth male on the boat with them who is of Jamaican decent. He also had departed the vessel soon after landing. KEIANO BETHEL, JOHN MCPHEE, and Theodore Bootle were transported to the HSI office in Fort Pierce for processing.

5. During a post-Miranda interview, BETHEL stated that he was paid $500 by "Smiley" to bring marijuana to the United States. BETHEL stated that "Smiley" told him he could also take 1

pound of marijuana as payment in addition to the $500. Bethel stated that he just wanted to get to the United States in order to reside here, so he agreed to do the trip. Per "Smiley's" instructions, on July 18, 2017, at approximately midnight, BETHEL arrived at a location where he observed the vessel being loaded with bags containing marijuana. BETHEL stated that others on the vessel with him were paid $500 and he knew that because he and others on the vessel discussed it. BETHEL stated that MCPHEE, the Jamaican, and himself took turns operating the vessel, but he operated the vessel the most because he had the most experience with vessels. BETHEL stated that the vessel departed Freeport at approximately 12:20 a.m.

6.      During a post-Miranda interview, MCPHEE stated that he participated in the marijuana smuggling venture. MCPHEE admitted to loading approximately four or five bags of marijuana onto the vessel and admitted that he was aware that marijuana was in the bags. MCPHEE also admitted to "taking the wheel" of the vessel and stated that BETHEL and the Jamaican also operated the vessel. MCPHEE admitted to receiving a payment of $500 from "T-boy" for his role in the smuggling venture.

7.      A global positioning system (GPS) Garmin GPSMAP 78SC was discovered on the vessel and was analyzed. The GPS indicated that the vessel had traveled from the Bahamas to where it was located in the Fort Pierce Inlet. The track appears to form a relatively straight track from Freeport to just south of Fort Pierce Inlet. Subsequently, the track appears to hug the coast up until it entered the Fort Pierce Inlet.

8.      Based on the aforementioned information and investigation, I submit that there is probable cause to believe that Keiano BETHEL and John MCPHEE did knowingly import a

Complaint – Page 3

marijuana, in violation of Title 21, United States Code 952(a), and did knowingly possess with the

intent to distribute marijuana, in violation of Title 21, United States Code, Section 841(a)(1).

   FURTHER  YOUR AFFIANT SAYETH NAUGHT.

Jeanne Ayo
Special Agent
Homeland Security Investigations


Sworn and subscribed to before me this 20th day of July, 2017, in Fort Pierce, Florida.


SHANIEK M. MAYNARD
United States Magistrate Judge


**Complaint – Page 4**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No: 17-71-SMM

**UNITED STATES OF AMERICA**

**v.**

**KEIANO ALVARO BETHEL and,**
**JOHN McPHEE**

                          **Defendants.**
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Miami Office of the United States
   Attorney's Office prior to July 20, 2008?

   _____Yes          _____✓_____No

2. Did this matter originate from a matter pending in the Northern Region of the United States
   Attorney's Office (West Palm Beach Office) only prior to December 18, 2011?

   _____Yes          ____✓_____No

3. Did this matter originate from a matter pending in the Fort Pierce Office of the United States
   Attorney's Office prior to August 8, 2014?

   _____ Yes          _____✓_____No

Respectfully submitted,

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

By: _____
Daniel E. Funk
Court ID A5501915
Assistant United States Attorney
Daniel.Funk@usdoj.gov
United States Attorney's Office
101 South US Highway 1, Suite 3100
Fort Pierce, FL 34950
Telephone: 772-466-0899
Facsimile: 772-466-1020
Attorney for United States of America